**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **JACQUELINE D. HICKS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:12-CV-210 (MTT)** |
| | ) | |
| **GEORGIA DEPARTMENT OF HUMAN SERVICES, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## <u>ORDER</u>

This matter is before the Court on the Defendants' Motion to Dismiss (Doc. 13) and Motion for More Definite Statement (Doc. 27) and the Plaintiff's Motion for an Extended Time Limit for Service of Summons (Doc. 18), Motion to Amend/Correct Amended Complaint (Doc. 25), Motion for Defendants to Answer her Complaint and All Amended Complaints (Doc. 29), and Motion to Amend and Correct Statement(s) and Word(s) in Doc. 29 (Doc. 30).

On November 21, 2012, the Court issued an Order staying the case because the Plaintiff filed a voluntary petition for bankruptcy. (Doc. 28). On February 1, 2013, the Plaintiff filed a Notice of Discharge of Debtor. (Doc. 31). Accordingly, the Court may now lift the stay and rule on the pending Motions.

On August 13, 2012, the Defendants filed a Motion to Dismiss (Doc. 13) for the Plaintiff's failure to properly serve the Defendants. In her Response, the Plaintiff asserts that she mailed the Defendants waiver of service forms, which they failed to return to her within 30 days and requests a default judgment for the Defendants' failure to file an

answer within 60 days of the filing of her Complaint.  The Defendants denied receiving waiver of service forms from the Plaintiff and argued that, in any event, a default judgment was inappropriate because they had never been properly served and they filed a Motion to Dismiss in lieu of an answer.  The Court agrees there are no grounds for imposing a default judgment on the Defendants.

On September 25, 2012, the Plaintiff filed a Motion for an Extended Time Limit for Service of Summons (Doc. 18) because of the Defendants' alleged failure to return the waiver of service forms to the Plaintiff and delays with the process server.  On September 27, the Plaintiff served the Georgia Department of Law.  (Doc. 19).  On October 18, the Defendants filed a Notice renewing their Motion to Dismiss (Doc. 21) arguing that the Plaintiff's most recent attempt at service was improper because the Defendants' counsel could not accept personal service on behalf of the Defendants.  On October 30, the Plaintiff finally served Defendant Georgia Department of Human Services ("DHS"), but she did not serve Defendants Sekema Harmon or Angela Love. (Doc. 23).  The Plaintiff states that she has not served Harmon or Love because she wishes to sue only DHS.  Accordingly, the Plaintiff's Motion for an Extended Time Limit for Service of Summons is **DENIED as moot**, and Defendants Sekema Harmon and Angela Love are **DISMISSED as parties to this action**.

On November 8, 2012, the Plaintiff filed a Motion to Amend/Correct Amended Complaint (Doc. 25), alleging that newly discovered evidence suggested she had a viable retaliation claim in addition to her original claims for unlawful discrimination and termination.  On November 14, the Plaintiff filed another Amended Complaint (Doc. 26), which she titled as a "Report and Recommendation," asserting "discrimination,

harassment, a hostile work environment, and unfavorable work conditions from other staff outside this protected class" regarding the internal discrimination complaint and internal grievance she filed with DHS. (Doc. 26 at 2). However, the Plaintiff does not identify her protected class. The Plaintiff goes on to allege violations of Georgia state law and the Georgia Constitution and that the Defendants provided false statements to the Georgia Department of Labor regarding her termination and subsequent claim for unemployment compensation.

On November 20, 2012, the Defendants filed a Motion for More Definite Statement. (Doc. 27). Although the Plaintiff brought an employment discrimination claim pursuant to Title VII, the Defendants argue that they cannot discern what her particular claims are in her original Complaint nor can they tell whether her Amended Complaints were intended to replace or supplement prior Complaints. The Defendants argue that the Plaintiff's claims now span four pleadings but that none of her pleadings "set forth specific causes of action or specify any protected class as the basis of the alleged discrimination." (Doc. 27 at 8). The Defendants also argue that the Plaintiff's various Complaints are essentially shotgun pleadings because "it is impossible to know which factual allegations support which claims for relief." (Doc. 27 at 8).

Presumably, in response to the Defendants' Motion for More Definite Statement, the Plaintiff filed a Motion for Defendants to Answer Plaintiff (Doc. 29) and a Motion to Amend and Correct Statement(s) and Word(s) in Doc. 29 (Doc. 30). The Plaintiff asserts that her original Complaint and Amended Complaints should be read in conjunction with one another, and she summarizes her claims as retaliation, discrimination, harassment, unlawful/wrongful discharge, providing false document(s)

3

against the Plaintiff to the Georgia Department of Labor, defamation, and pain and suffering.

Because the Plaintiff's claims now span four pleadings, the Plaintiff is hereby **ORDERED** to amend her Complaint stating in one pleading all claims and factual bases for those claims against DHS.  Failure to submit an Amended Complaint within **21 days** of the date of this Order may result in dismissal of the Plaintiff's Complaint with prejudice.  After DHS files a responsive pleading, the Court will, if appropriate, schedule a discovery conference pursuant to the Court's standard practice in cases where the plaintiff is proceeding pro se.

Accordingly, the Defendant's Motion to Dismiss and Motion for More Definite Statement are **DENIED without prejudice**.  The Plaintiff's Motion for an Extended Time Limit for Service of Summons, Motion to Amend/Correct Amended Complaint, Motion for Defendants to Answer her Complaint and All Amended Complaints, and Motion to Amend and Correct Statement(s) and Word(s) in Doc. 29 are **DENIED as moot**.

**SO ORDERED**, this the 14th day of February, 2013.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT