**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **JACQUELINE D. HICKS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   **CIVIL ACTION NO. 5:12-CV-210 (MTT)** |
| | ) |
| **GEORGIA DEPARTMENT OF HUMAN** | ) |
| **SERVICES,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## ORDER

This matter is before the Court on the Defendant's Motion to Dismiss (Doc. 36). For the reasons discussed below, the Motion is **GRANTED**.

## I.  FACTUAL BACKGROUND

Plaintiff Jacqueline D. Hicks, a former employee of Defendant Georgia Department of Human Services ("DHS"), alleges that DHS agents engaged in misconduct by falsifying "client application dates" and "the application intake register and rotation," and they "shredded client verification to justify the federal food stamp Standard of Promptness [and] deleted and manipulated case records and documentation assigned to [the Plaintiff's] caseload."  (Doc. 34 at 1).  The Plaintiff alleges that she reported the misconduct to management "who maliciously and willingly participated in the cover-up."  (Doc. 34 at 2).

The Plaintiff then filed an internal Unlawful Discrimination Complaint on September 30, 2011, and a grievance with the Defendant on November 15, 2011, but the Defendant did not initiate an investigation.  (Doc. 34 at 2).  The Plaintiff alleges she

was thereafter subjected to retaliatory acts including: withholding her paycheck without notice on November 15, 2011, while she was on family medical leave, removal from DHS systems on November 22, 2011, and receiving a reprimand and attendance plan in response to informing her employer she needed additional medical treatment and testing.  (Doc. 34 at 2).  The Plaintiff was suspended without explanation on December 13, 2011, and she received her termination notice in the mail on December 19, 2011. (Doc. 34 at 2).

## II.  DISCUSSION

### A.    Standard of Review

To avoid dismissal pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain specific factual matter to "'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff."  *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006) (quotation marks and citation omitted).  However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not 'shown'—that the pleader is entitled to relief."  *Iqbal*, 556 U.S. at 679. "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."  *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).  When a plaintiff is proceeding pro se, his pleadings may be held to a less stringent standard than pleadings drafted by attorneys and will be liberally construed.  *Tannenbaum v. United States*, 148 F.3d 1262, 1263

(11th Cir. 1998).  However, where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts.  *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993) (citation omitted).

**B.    Title VII Hostile Work Environment and Discrimination Claims**

The Defendant argues that the Plaintiff's hostile work environment and discrimination claims fail because she has not identified the protected class she belongs to nor referenced any protected characteristics in her Complaint.  The Defendant also argues that the Plaintiff "does not contend that any adverse action was taken against her because of a protected characteristic or allege any facts which would substantiate a claim for hostile work environment."  (Doc. 36-1 at 6).

To establish a prima facie case for a hostile work environment claim, a plaintiff must prove that (1) she is a member of a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment complained of was based on her membership in the protected class; (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a hostile or abusive working environment; and (5) the employer is responsible for that environment under either vicarious or direct liability.  *Jones v. UPS Ground Freight,* 683 F.3d 1283, 1292 (11th Cir. 2012).  Specifically, when evaluating whether the harassment is sufficiently severe or pervasive, the Court looks at the totality of the circumstances and considers "(1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and

(4) whether the conduct unreasonably interferes with the employee's job performance."

*Freeman v. City of Riverdale*, 330 F. App'x 863, 865 (11th Cir. 2009).[1]

To establish a prima facie case of discrimination or disparate treatment under Title VII, a plaintiff must show that (1) she is a member of a protected class; (2) she was qualified for her position; (3) she suffered an adverse employment action; and (4) she was treated less favorably than a similarly situated individual who is not a member of her protected class.  *McCann v. Tillman*, 526 F.3d 1370, 1373 (11th Cir. 2008).

The Plaintiff alleges that she is a member of the protected class of "employees who use their employer's internal grievance procedures."[2]  (Doc. 34 at 2).  This is not a protected class under Title VII.  Even if the Plaintiff had alleged an appropriate protected class, she does not allege any facts to demonstrate a hostile or abusive environment.  To the extent that the Plaintiff is alleging some form of discrimination, she has not identified a protected class or alleged that she was treated differently than any other individual at DHS.  Accordingly, the Plaintiff has not sufficiently pled Title VII claims for hostile work environment or discrimination, and these claims are **dismissed without prejudice**.

### C.   Defamation Claim

The Defendant argues that the Plaintiff's defamation claim should be dismissed because she has failed to allege any facts to substantiate the claim, the Georgia Tort Claims Act ("GTCA") bars claims for defamation against state agencies, tort claims

---

[1] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  11th Cir. R. 36-2.

[2] The Plaintiff cites *Rollins v. Florida Department of Law Enforcement*, 868 F.2d 397, 400 (11th Cir. 1989), for her assertion that employees who use internal grievance procedures are members of a protected class.  However, the Eleventh Circuit was discussing whether the use of an employer's internal grievance procedure is protected behavior under Title VII claims and not whether using the internal grievance procedure makes an employee a member of a protected class.

against the State of Georgia and its agencies may not be brought in federal court, and, even if the claim were not otherwise barred, the Plaintiff failed to provide notice of the claim pursuant to O.C.G.A. § 50-21-26(a)(1).  The Plaintiff's only response to the Defendant's arguments is that the agency is "not immune to any claims" in her case. (Doc. 37 at ¶ 4).

Generally, the Eleventh Amendment bars suits against a State or one of its agencies, departments, or officials, absent a waiver by the State or a valid congressional override, when the State is a real party in interest or when monetary recovery would essentially be paid from State funds.  *Dekalb Cnty. Sch. Dist. v. Schrenko*, 109 F.3d 680, 688 (11th Cir. 1997); *see also Kentucky v. Graham*, 473 U.S. 159, 169 (1985).  Because the Defendant is an arm of the State of Georgia,[3] the Defendant is entitled to Eleventh Amendment immunity unless one of these two exceptions applies.  While the State of Georgia has provided a limited waiver of its sovereign immunity to liability for tort actions in the GTCA, that Act does not waive immunity for claims of defamation.  O.C.G.A. § 50-21-24(7).  Moreover, to the extent the Plaintiff raises any tort claim against the Defendant for which the GTCA does waive sovereign immunity, such claims must be brought in the state courts of Georgia. O.C.G.A. § 50-21-23 ("The state does not waive any immunity with respect to actions brought in the courts of the United States.").  Accordingly, the Plaintiff's claim for defamation is **dismissed with prejudice**.

---

[3] *See McCall v. Dep't of Human Res.*, 176 F. Supp. 2d 1355, 1361-62 (M.D. Ga. 2001) (holding that Georgia's Department of Human Resources, the predecessor to the DHS, was entitled to sovereign immunity for claims brought pursuant to the GTCA in federal court because it was an arm of the State of Georgia).

### D.      Breach of Contract Claim

The Defendant argues that the Plaintiff has failed to state a plausible claim for breach of contract, and the Defendant is entitled to Eleventh Amendment immunity from this claim.  The Plaintiff's sole allegation in support of her breach of contract claim is that "[the Defendant] did not follow [its] own policy for aggrieved unclassified employees."  (Doc. 34 at 3).

"Georgia has not waived its Eleventh Amendment immunity from suit in federal court for breach of contract claims."  *Barnes v. Zaccari*, 669 F.3d 1295, 1308 (11th Cir. 2012) (finding that neither the Georgia constitution nor the Georgia Code expressly consent to suit in federal court).  Regardless of any pleading deficiencies with this claim, the Plaintiff may not bring a breach of contract claim against the Defendant in this Court. Accordingly, the Plaintiff's breach of contract claim is **dismissed without prejudice**.

### E.      Family and Medical Leave Act and Fair Labor Standards Act Claims

The Defendant also argues that the Plaintiff's FMLA and FLSA claims fail to satisfy the plausibility pleading standard and that these claims are barred by sovereign immunity.  Regarding her FMLA claim, the Plaintiff requests "back pay for accrued leave (for denied sick leave [and] family medical leave)."  (Doc. 34 at 3).  A liberal reading of the Plaintiff's Complaint shows that she has brought her FMLA claim pursuant to the self-care provision of the Act[4] rather than for the care of a family member.[5]  However,

---

[4] "[A]n eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period for … a serious health condition that makes the employee unable to perform the functions of the position of such employee."  29 U.S.C. § 2612(a)(1)(D).

[5] The Plaintiff alleges that after she returned to work from being on family medical leave she "advised [her] employer verbally of further medically necessary treatment and testing ordered by [her] physicians."  (Doc. 34 at 2).

the Plaintiff may not bring a claim for damages against the state or its agencies pursuant to FMLA's self-care provision because such claims are barred by sovereign immunity. *Coleman v. Ct. of App. of Md.*, 132 S. Ct. 1327, 1332 (2012). The Plaintiff's only demand for relief under the FMLA is for "back pay for accrued leave." (Doc. 34 at 3). FLSA claims against states and their agencies are also barred by sovereign immunity. *Powell v. Florida*, 132 F.3d 677, 678 (11th Cir. 1998). Accordingly, the Plaintiff's FMLA and FLSA claims are **dismissed with prejudice**.

### F.  Americans with Disabilities Act Claims

The Defendant argues that the Plaintiff fails to establish the elements of this claim because she does not identify her alleged disability or allege how she is a "qualified individual" as defined by the ADA, and regardless of these pleading deficiencies, this claim is also barred by sovereign immunity. The Plaintiff does not specify in her Complaint which provision of the ADA she alleges has been violated by the Defendant. Instead, she asserts only, "as retaliation and discrimination for whistle blowing, [she] received no accommodation regarding [her] disability for [her] job duties and position." Thus, it appears the Plaintiff is bringing discrimination and retaliation claims pursuant to Title I and Title IV of the ADA.[6]

To the extent the Plaintiff has brought a Title I discrimination claim under the ADA for the Defendant's alleged failure to accommodate her disability, she is barred from bringing this claim in federal court. *Gary v. Ga. Dep't of Human Res.*, 323 F. Supp. 2d 1368, 1372 (M.D. Ga. 2004) (finding that Georgia's Department of Human Resources did not consent to suit in federal court for violations of Title I of the ADA).

---

[6] No other allegations in the Plaintiff's Complaint suggest that she is bringing a Title II claim regarding public services or a Title III claim regarding public accommodations.

Congress did not validly abrogate states' immunity to suits for money damages brought under Title I of the ADA. *Bd. of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 374 (2001) (holding that suits in federal courts by state employees to recover money damages by reason of the State's failure to comply with Title I of the ADA are barred by the Eleventh Amendment). However, Georgia has waived its sovereign immunity from federal discrimination claims brought pursuant to the ADA in state court through its legislative enactment of the Fair Employment Practices Act. *Williamson v. Dep't of Human Res.*, 258 Ga. App. 113, 116, 572 S.E.2d 678, 681 (2002). Therefore, a Title I claim for money damages may be brought in state court against a state agency, but it may not be brought in this Court.[7]

Title IV of the ADA provides: "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a). In her Complaint, the Plaintiff alleges she was retaliated against because she reported the misconduct of DHS agents involving the federal food stamp program and not because she exercised any right under the ADA. Thus, the Plaintiff fails to state a claim under Title IV of the ADA. Accordingly, the Plaintiff's ADA claims are **dismissed without prejudice**.

---

[7] The *Ex parte Young* exception, recognized in *Garrett*, does not appear to apply here. *Garrett*, 531 U.S. at 374 n.9. The Plaintiff has not made a demand for injunctive relief nor has she alleged that the injury is ongoing.

### III. CONCLUSION

For the foregoing reasons, the Defendant's Motion to Dismiss is **GRANTED**.[8]

**SO ORDERED**, this the 12th day of April, 2013.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[8] The Defendant has not moved to dismiss the Plaintiff's Title VII retaliation claim or her Georgia Whistleblower Act claim.  Accordingly, those claims shall proceed.