IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JACQUELINE D. HICKS,              )<br>                                                  )<br>         Plaintiff,                          )<br>                                                  )<br>   v.                                           )      CIVIL ACTION NO. 5:12-CV-210 (MTT)<br>                                                  )<br>GEORGIA DEPARTMENT OF HUMAN  )<br>SERVICES,                                )<br>                                                  )<br>         Defendant.                       )<br>                                                  ) | |

### ORDER

This matter is before the Court on the Plaintiff's motion to amend her Complaint to add Title VII discrimination and hostile work environment claims (Doc. 50). The Plaintiff's motion is **GRANTED** as unopposed. The Plaintiff is **ORDERED** to recast her amended Complaint into one document that sufficiently alleges all of her claims and the facts supporting each claim with all exhibits attached. The amended Complaint should be filed within **7 days** of the entry of this Order. The Court expects the Plaintiff's deposition to be taken soon thereafter.

Also before the Court is the Plaintiff's motion for reconsideration (Doc. 39). Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. "Reconsideration is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga.) (internal quotation marks and citation

omitted).  "In order to demonstrate clear error, the party moving for reconsideration *must do more than simply restate his prior arguments*, and any arguments which the party inadvertently failed to raise earlier are deemed waived."  *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1223 (M.D. Ga. 1997) (emphasis added).

In her motion for reconsideration, the Plaintiff asserted facts not previously alleged in her Complaint in support of her dismissed claims.  The Court deferred ruling on this motion to allow the Plaintiff an opportunity to move for leave to amend her Complaint.  Regarding the claims the Plaintiff did not address in her motion to amend, the Plaintiff has not met her burden.  She has alleged no intervening change in the law, has presented no new evidence not previously available, and the Court is not persuaded its previous ruling was clearly erroneous.  Accordingly, the Plaintiff's motion for reconsideration is **DENIED**.

**SO ORDERED**, this the 22nd day of August, 2013.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT