IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JACQUELINE D. HICKS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CIVIL ACTION NO. 5:12-CV-210 (MTT) |
| GEORGIA DEPARTMENT OF HUMAN SERVICES, | ) ) ) ) |
| Defendant. | ) ) ) |

### ORDER

This matter is before the Court on the Plaintiff's motion for reconsideration (Doc. 73) of the Court's taxation of costs against the Plaintiff (Doc. 72). Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. "Reconsideration is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga.) (internal quotation marks and citation omitted). "In order to demonstrate clear error, the party moving for reconsideration *must do more than simply restate his prior arguments*, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1223 (M.D. Ga. 1997) (emphasis added).

The Plaintiff does not raise any arguments regarding the cost of necessary copies in the amount of $203.98 taxed against her. Instead, the Plaintiff's only objection

regarding the award of costs is her contention that she was told by the Defendant's counsel that her deposition would be done at no cost to her. The Defendant has submitted correspondence to show that no mention of the responsibility for the cost of the deposition was made when the Defendant's counsel and the Plaintiff scheduled her deposition. The Plaintiff has not offered any arguments or evidence to rebut this correspondence.

Further, "[t]axation of deposition costs is authorized by [28 U.S.C.] § 1920(2)." *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (citation omitted). The question of whether the cost of a deposition is taxable depends on whether the deposition was done merely to aid in preparation or investigation or if it was necessary for use in the case. *Id.* at 620-21 (citations omitted). When a party uses a deposition in support of his motion for summary judgment, that deposition is presumptively necessary for use in the case. *See id.* at 621 (citation omitted) ("A district court may tax costs 'associated with the depositions submitted by the parties in support of their summary judgment motions.'"). Here, the Plaintiff's deposition was used in support of the Defendant's motion for summary judgment, and given the nature of the claims at issue (i.e., claims for Title VII discrimination and retaliation), the Plaintiff's deposition was clearly necessary for use in this case. Thus, the cost of the Plaintiff's deposition in the amount of $994.75 was appropriately taxed against her. Accordingly, the Plaintiff's motion for reconsideration is **DENIED**.

**SO ORDERED**, this the 2nd day of July, 2014.

> S/ Marc T. Treadwell
> MARC T. TREADWELL, JUDGE
> UNITED STATES DISTRICT COURT